## STATE ex rel. SAAR vs. HUNDHAUSEN.

CONSTITUTIONAL LAW : *Uniformity of county government.*
CITY CHARTERS : *Collection of city taxes.*
STATUTES : *When inoperative for uncertainty.*—*Charter of Milwaukee construed.*

1. The legislative power to incorporate cities being independent of that to regulate the system of county government, and there being no direct constitutional restriction upon the discretion of the legislature as to how far it shall clothe the officers of a city with the usual powers for collecting the taxes therein, the provision requiring uniformity in the system of county government should not be held to restrict that discretion, whether in granting such powers by the original charter of a city, or in withdrawing them by subsequent amendment, and restoring them to the officers of the county.
2. Where the provisions of a statute are clear and consistent as far as they go, courts will not hold them invalid merely because, after they have been executed, questions will arise which are not properly determined by the act.
3. Thus, where an act amending a city charter (ch. 429, Pr. & L. Laws of 1870) clearly requires the city treasurer to return all delinquent taxes and assessments to the county treasurer, and the latter to make all sales therefor, and that the city treasurer deposit in the county clerk's

office all books relating to tax sales, and that all redemptions shall be made at that office, these provisions would be operative, even though it were left uncertain who was to execute tax deeds in such cases, or how parties entitled to money received on sales and redemptions, were to obtain it.

4. But said act further providing that the city treasurer shall return the delinquent city taxes " in the same manner and with *like effect* as town treasurers are required to do;" that the sales by the county treasurer be made " in the same manner and with *like effect* as in other cases of delinquent land sales;" and that redemption therefrom shall be made " in the same manner and with *like effect* as such redemptions are made from sales by the county treasurer "—this requires the same officer to execute the tax deeds in such cases who would execute them upon sales of delinquent lands in a town, and that whatever moneys properly belonging to the city may come into the hands of the county officers on sales or redemptions, shall be accounted for and paid over as they would be if belonging to a town.

APPLICATION for a *Mandamus.*

The alternative writ described in the opinion issued out of this court, September 9, 1870. The respondent demurred.

*C. K. Martin,* for the demurrant.

*E. G. Ryan,* for the relator. [No briefs on file.]

PAINE, J. This is an alternative *mandamus,* sued out by the clerk of the board of supervisors of Milwaukee county, to compel the treasurer of the city of Milwaukee to comply with the requirements of sec. 2, ch. 429, Priv. & Loc. Laws of 1870, by delivering to the relator all books in his office " relating to the sales of land for taxes and the redemption thereof." The object of the proceeding is solely to test the question whether the first two sections of that act can have effect. There seems to be no constitutional question involved. It was not urged, and hardly suggested, that they were invalid within the reasoning of this court in the case of *The State ex rel. Keenan v. The Board of Supervisors of Milwaukee County.* The questions are so different that that decision has no application here. The law there in question was held invalid for the reason that, by attempting to withdraw from the board of supervisors a material part of the established

powers belonging to all boards of county supervisors in the state under the general law, and to confer it on special commissioners in a particular instance, it violated that provision of the constitution which requires the system of town and county government to be as nearly uniform as practicable.   But the law now under consideration does not attempt to withdraw any of the powers of either town or county officers. It relates to a question between the county and city officers.   And so far as the powers of the latter are concerned, the constitutional provision referred to has no application.   There is no requirement of uniformity in the charters of incorporated cities.   The only ground for supposing that that decision might be applied here, would be by saying that unless in all other counties in which cities are located, the county officers perform the same duties in respect to the sale and redemption of lands for taxes, which this act attempts to transfer from the city to the county officers in Milwaukee, then to make the transfer in that single county would disturb the uniformity of the county government.   How the fact is in respect to the distribution of these powers between county and city officers, in those counties where cities are located, we have not inquired.   However it may be, the principle of the decision in the case of *the State ex rel. Keenan* could hardly be carried to that extent.   The power to incorporate cities being an independent power of the legislature, and there being no direct restriction against conferring on the officers of such cities any of the usual powers for collecting the public revenues within their respective limits, which the legislature may see fit, it would seem to be wholly unwarranted to create such a restriction by such an extreme application of the principle of that case as would be necessary to accomplish such a result.   And it being a matter of legislative discretion, how far, in chartering a city, it will make use of the city officers

for the collection of the revenues within the munici-
pality, it is of course within its discretion to with-
draw such powers once conferred, and restore them to
the county officers, within whose jurisdiction the city,
as well as all the towns in the county, is located.

The only other mode suggested of invalidating
these sections of the act, was to hold them void for
uncertainty. But the objections stated would not
warrant' such a result. It was not claimed that they
were not clear and intelligible as far as they go, but
only that if carried out so far, some difficulties might
arise for want of further provisions. It would be
novel and dangerous ground for courts to enter upon,
to assume the power of declaring the acts of the legis-
lative department invalid for such reasons.

If an act is unintelligible, or if, by reason of some
mistake or misapprehension as to existing laws or
facts on the part of the legislature, a law cannot have
effect, it may be so decided. But where its provisions
are entirely clear, and capable of execution, it is not
permissible for courts to assume the power of dis-
regarding them, because some things may have been
left unprovided for. Thus, the provisions of these
sections being entirely clear in requiring the city
treasurer to return all delinquent taxes and assess-
ments to the county treasurer, and the latter to make
all sales for such taxes and assessments, and in re-
quiring the city treasurer to deposit in the office of
the clerk of the board all Books relating to tax sales,
and that all redemptions should be made at the office
of the clerk of the board, we could not hold them
inoperative in these particulars, even though it were
left uncertain who was to execute tax deeds, or how
parties entitled to the money received on sales or
redemptions were to obtain it.

But we do not think that any such uncertainty is
left. On the contrary, by providing, as these sections
do, that the delinquent city taxes are to be returned

"in the same manner and with like effect as town treasurers are required to do," that the sales by the county treasurer shall be "in the same manner and with *like effect* as in other cases of delinquent tax sales," and that the redemption shall be made "in the same manner and with *like effect* as such redemptions are now made of sales made by the county treasurer," they re-enact and make applicable to these officers the entire · provisions of the existing laws referred to.    And while we shall not attempt to anticipate all the questions that may be raised in respect to them, we may say generally that we have no doubt that the words "*with like effect*," used in this act, make it the duty of the same officer to execute tax deeds, whose duty it would be if the sale was of delinquent lands in a town; and that whatever moneys properly belonging to the city come into the hands of the county officers on sales or redemptions, should be accounted for and paid over as they would be if belonging to a town.    The demurrer to the alternative writ must be overruled.

*By the Court.*—Demurrer overruled.